IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| JUAN GURROLA SAUCEDO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION FILE NO. |
| | ) | |
| WALMART INC., AND | ) | 3:19-CV-00057-CDL |
| CLAIMS MANAGEMENT, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**<u>CONSENT PROTECTIVE ORDER</u>**

1.

By agreement of the parties, and for good cause, the Court finds that a protective order should be entered pursuant to <u>Fed. R. Civ. P. 26</u> (c) for the purpose of protecting documents and information from Plaintiff or Defendants Walmart Inc., Wal-Mart Stores East, LP, , Claims Management, Inc. (herein collectively referred to as "Defendants") or any of their respective affiliates, and of third parties producing records pursuant to subpoena or other discovery proceedings, including but not limited to Marrick Medical Finance, LLC, which the respective parties contend are proprietary and confidential, which are produced by in litigation subject to this protective order, including but not limited to, if applicable, any personnel files or employees or former employees from

1

Defendants; medical records, any training plans for employees; any applicable policies and guidelines relating to business operating methods and procedures; any applicable policies for customer incidents at the store; and store design documents.

2.

Any party contesting whether or not a document should be marked "confidential", will notify the plaintiff or defendant in writing identifying which document he/she contends should not be marked "confidential". The parties will then have seven (7) business days after receipt of the aforementioned notification to resolve the dispute without Court intervention. If the parties are not able to resolve the dispute within seven (7) business days, the party contesting the description of a document as "confidential" shall, without first filing the document with the Court, submit the document to the Court for an in-camera inspection and final decision as to whether or not the document should remain "confidential". The parties shall conform to the standing order of this Court (Doc. 5) with regard to the submission of discovery motions regarding any disputes on the designation of documents as confidential.

3.

No document, deposition, or tangible thing or other information described in Paragraph 1 may be disclosed to any person, except for the following: counsel of record; persons assisting counsel of record, including outside experts and

consultants; directors, officers, and employees of any party; and employees of any party's attorney to whom it is reasonably necessary that the material be disclosed for purposes of this litigation.

For purposes of any disclosures to persons assisting counsel of record; outside experts or consultants; directors, officers and employees of any party; and employees of any party's attorneys, the party making such a disclosure must: obtain an agreement in writing from the persons assisting counsel, including outside experts or consultants, or officers of employees of either party, reciting that he or she has read a copy of this Protective Order and agrees to be bound by its provisions.

4.

If any party proposes to file documents with the Court under seal or to file documents designated as "Confidential" with the Court, the parties shall first notify the opposing party of such intentions and shall then coordinate with the Court an *in camera* inspection or such other procedure as the Court may direct in order to procure leave of Court for the filing of such documents under seal and shall comply with the provisions of this Section 5 of this Order . The parties shall also coordinate with and comply with any requirements of the Clerk of Court or any Local Rules with respect to the filing of documents under seal. Any documents (including briefs), tangible things or information designated as Confidential that

are submitted to the Court in support of or in opposition to a motion or introduced at a hearing or during trial may retain their protected confidential status only by order of the Court in accordance with the procedures this Court's Standing Order (Doc. 5).

5.

Each party agrees that before filing any document covered by this protective order with the Clerk of Court any paper (including, without limitation, an affidavit, memorandum, or motion) that discloses directly or indirectly all or part of any document described in paragraph 1 above, such paper shall be labeled "CONFIDENTIAL" and submitted to the Court in camera for consideration and leave to file with the Clerk or otherwise retain such document for the Court record pursuant to the Court record. The parties stipulate and agree that any document covered by paragraph 1 which is reasonably necessary to be filed with the Court in connection with any motion or hearing may be provided to the Court in chambers or at hearing for consideration prior to filing upon obtaining permission from the Court by conference or otherwise to do so in order to expedite and simplify resolution of the issue. The Court may then determine whether the document should be filed of record under seal or otherwise made part of the record of these proceedings.

6.

All such documents and materials produced by Defendants to counsel for Plaintiff, or by Plaintiff to Defendants, pursuant to paragraph 1 above shall be used only in the course of the above-captioned proceedings, and shall not be used or provided for use in any other litigation or proceedings.

7.

The documents and materials produced by Defendants to counsel for Plaintiff, or by Plaintiff to Defendants, pursuant to paragraph 1 above shall not be published, orally, by copy, or by any other means, to any person.

8.

Upon conclusion of this action, upon written request, counsel for Defendants shall return to counsel for Plaintiff the original and all copies made of such documents and materials described in paragraph 1 above and counsel for Plaintiff shall return to counsel for Defendant the original and all copies of such documents and materials described in paragraph 1 above. Absent written request, Plaintiff and Defendants may destroy such documents.

9.

After the final termination of this action, the restrictions on communication and disclosure provided for herein shall continue to be binding upon the parties and all other persons to whom documents designated as confidential or information

contained therein have been communicated or disclosed pursuant to the provisions of this Order or any other order of this Court.

10.

At the conclusion of this action, Plaintiff and Plaintiff's counsel shall, upon written request from Defendants and at Defendants' option, either (a) return to Defendants' counsel all Confidential Information and Documents and things subject to this Order; or (b) destroy all such Confidential Information and Documents and provide written certification to Defendants' counsel that said Confidential Information and Documents have been destroyed and no copies retained.

SO ORDERED this  26th   day of December        , 2019.

S/Clay D. Land<br>Honorable Clay D. Land

CONSENTED TO BY:

*/s/ Chandler Vreeland*
Chandler Vreeland, Esq.
Georgia Bar No. 729073
Law Offices of Matthew C. Hines, LLC
1900 The Exchange SE
Building 500
Atlanta, GA 30339
*Attorney for Plaintiff*

*s/ Robert B. Hill*
Robert B. Hill
Georgia Bar No. 354450
McLain & Merritt, PC
3445 Peachtree Road, N.E.
Suite 500
Atlanta, Georgia 30326
*Attorney for Defendants*